Defendant-appellant Audie Ray Combs appeals from the denial of his "Motion to Vacate Sentence and/or Be Given Time Served," filed April 24, 1997. The trial court appropriately considered Combs's motion as a petition for post-conviction relief, and granted the State's motion for summary judgment, dismissing the petition. Combs contends that the trial court erred by doing so. From our review of his motion, we conclude that the matters raised therein are cognizable in a direct appeal, and are therefore barred by the doctrine of res judicata. Accordingly, the judgment of the trial court is Affirmed.
 I
Combs was charged by indictment upon two counts of Rape and two counts of Felonious Sexual Penetration, all involving a victim under the age of fourteen. After numerous pre-trial motions, a plea agreement was apparently reached, wherein one of the Felonious Sexual Penetration charges was reduced to Gross Sexual Imposition, with a physical harm specification, the other three counts were dismissed, and Combs pled guilty to the Gross Sexual Imposition charge, while nevertheless protesting his innocence, pursuant to North Carolina v. Alford (1970), 400 U.S. 25.
On June 21, 1996, pursuant to Combs's plea, he was sentenced to imprisonment for a minimum term of three years, up to a maximum term of five years. In April, 1997, Combs filed the motion that is the subject of this appeal, styling it a "Motion to Vacate Sentence and/or Be Given Time Served." The State treated the motion was a petition for post-conviction relief, and moved for summary judgment. The trial court likewise treated Combs's motion as a petition for post-conviction relief, granted the State's motion, and dismissed the petition. From the dismissal of his petition, Combs appeals.
 II
Combs's sole Assignment of Error is as follows:
 THE TRIAL COURT ERRED, TO THE PREJUDICE OF THE APPELLANT BY ACCEPTING A GUILTY PLEA WHICH THE APPELLANT DID NOT MAKE KNOWINGLY AND VOLUNTARILY, IN VIOLATION OF THE APPELLANT'S RIGHT PURSUANT TO THE FIFTH, SIXTH AND FOURTEENTH AMENDMENT'S TO THE CONSTITUTION OF THE UNITED STATES.
Although Combs's assignment of error is styled as if his appeal were a direct appeal from his conviction and sentence, it is apparent from his argument, as well as his notice of appeal, that he is really appealing from the trial court's denial of his motion for post-conviction relief. Furthermore, he has not prosecuted a timely appeal from his conviction and sentence.
Combs's argument is two-fold. First, he argues that the trial court improperly accepted his Alford plea; secondly, he argues that his trial counsel was ineffective in a number of respects.
Combs's first argument, respecting his Alford plea, was the subject of his motion in the trial court. However, the trial court properly rejected this argument, because any impropriety in the trial court's having accepted Combs's Alford plea would necessarily have been demonstrable from the record in the trial court. We agree with Combs that the trial court, in accepting anAlford plea, is required to conduct some inquiry to determine that the defendant's decision to tender a plea is knowing and intelligent, in the sense that the defendant's fear that a jury will convict him, despite his protestations of innocence, has a rational basis. Whether the trial court complies with its duty is ascertainable from the record. Therefore, this error could, and should, have been raised in a direct appeal from Combs's conviction and sentence, and the trial court properly rejected Combs's argument upon res judicata grounds.
Combs's other argument in this appeal, that his trial counsel was ineffective, was not made in the trial court. The other arguments made by Combs in the trial court in support of his motion to vacate his sentence were alleged errors in gathering, and in ruling on the admissibility of, certain evidence, which were waived by his guilty plea, and an alleged error in permitting the State to amend the fourth count of the indictment from Felonious Sexual Penetration to Gross Sexual Imposition, with a physical harm specification, without having obtained a reindictment from the grand jury. To the extent that the latter argument has any merit, it was demonstrable from the record, and could, and should, have been raised in the direct appeal.
We find no merit to the arguments Combs made in the trial court in support of his motion. The arguments Combs now makes concerning ineffective assistance of trial counsel were not made in the trial court. Therefore, we find that the trial court did not err in granting the State's motion for summary judgment, and dismissing Combs's motion.
Combs's sole Assignment of Error is overruled.
 III
Combs's sole Assignment of Error having been overruled, the judgment of the trial court is affirmed.
BROGAN and GRADY JJ., concur.
Copies mailed to:
James D. Bennett
Audie Ray Combs
Hon. Robert Lindeman